UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VREZH PAPAZYAN,    No. C 05-3543 JSW (PR)

    Petitioner,    **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

  v.

DERRAL G. ADAMS,

    Respondent.
    _____/

Petitioner, currently incarcerated at CSATF/State Prison located in Corcoran, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Monterey County Superior Court conviction for possession of narcotics paraphernalia in prison.  In response to the Court Clerk's letter to Petitioner advising him that he had not paid the fee or filed an application to proceed *in forma pauperis*, Petitioner had sent a letter to the Court that he sent a "trust account withdrawal order" to the facility and he does not know why the funds were not send.  However, the Court is not in receipt of Petitioner's payment.  Petitioner must either pay the fee or provide the Court with proof of payment within thirty (30) days or this matter will be dismissed.

The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  The petition contain claims regarding the imposition of Petitioner's sentence and ineffective assistance of trial counsel.

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

The petition contains three separate claims.  However, the petition has a critical defect:  the petition does not mention any violation of a federal right with regard to any of the claims he wishes to raise, except possibly claim three in which Petitioner alleges ineffective assistance of counsel (a Sixth Amendment violation) as Petitioner cites *Strickland v. Washington*, 466 U.S. 668 (1984) in support of that claim.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).

With regard to the sentencing claims, state sentencing courts must be accorded wide latitude in their decisions as to punishment. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987), *cert. denied*, 488 U.S. 926, *and cert. denied*, 488 U.S. 981 (1988). Generally, therefore, a federal court may not review a state sentence that is within

1  statutory limits. *See id.* There are exceptions under the Due Process Clause and the
2  Eighth Amendment, however. Petitioner can amend his petition to allege federal claims
3  regarding the imposition of sentence in violation of the constitution. However, he must
4  also have exhausted his state court remedies as to such claims.

5       A prisoner in state custody who wishes to challenge either the fact or length of his
6  confinement by filing a federal petition for writ of habeas corpus must first exhaust state
7  judicial remedies, either on direct appeal or through collateral proceedings, by presenting
8  the highest state court available with a fair opportunity to rule on the merits of each and
9  every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v.*
10 *Greer*, 481 U.S. 129, 133-34 (1987). The instant petition must be dismissed for failure to
11 state a cognizable claim for federal habeas relief. However, Petitioner will be given leave
12 to amend to cure this defect.

### CONCLUSION

14      For the foregoing reasons and for good cause shown, this action is dismissed with
15 leave to file an amended petition within *thirty days* of the date of this order in which
16 Petitioner presents only claims for violations of his rights under the laws, treaties, or
17 Constitution of the United States. Each and every such claim must have been presented
18 to the California Supreme Court before it may be asserted in a federal habeas action. The
19 amended petition must contain the caption and civil case number used in this order and
20 the words AMENDED PETITION on the first page. Failure to file an amended petition
21 by the deadline will result in dismissal of this action.

22      Petitioner must also pay the filing fee in this matter or provide proof to the Court
23 that he has previously paid the fee. Failure to do so will result in dismissal of this action.

24      It is Petitioner's responsibility to prosecute this case. He must keep the Court
25 informed of any change of address by filing a separate paper with the clerk headed
26 "Notice of Change of Address." He must comply with any orders of the Court within the
27 time allowed, or ask for an extension of that time. Failure to do so may result in the
28 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

1  Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b)
2  applicable in habeas cases).
3       IT IS SO ORDERED.
4  DATED: April 24, 2006

                              JEFFREY S. WHITE
                              United States District Judge